Juan Maurichal SIMON, Petitioner—Appellant,

v.

Sherman T. HATCHER, Respondent—Appellee.

No. 02–15940.

D.C. No. CV–97–00105–LRH–(LRL).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided March 20, 2003.

Before CANBY, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Juan Maurichal Simon appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Simon contends that the district court erred by denying his claims of ineffective assistance of counsel and insufficient evidence of malice. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Simon has failed to rebut the presumption that counsel's efforts were within the wide range of reasonable professional assistance. *See Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel presented adequate evidence relevant to Simon's defense theory that he shot the victim in self-defense. Counsel put Simon on the stand to testify that he had bought a gun to protect himself from a third party. The defense's case-in-chief portrayed the victim as the aggressor. Counsel presented evidence that Simon was unable to leave the scene during the confrontation with the victim. There is no showing that more investigation by counsel would have produced helpful evidence of powder burns. Simon does not identify what other evidence counsel could have offered to support his self-defense theory. *See James v. Borg,* 24 F.3d 20, 26 (9th Cir.1994) ("Conclusory allegations [of ineffective assistance of counsel] which are not supported by a statement of specific facts do not warrant habeas relief.").

As part of his claim of ineffective assistance of counsel, Simon argues that counsel inadequately presented evidence relevant to his theory of self-defense by failing to object to an allegedly erroneous jury instruction on the duty to retreat. We addressed this claim relating to instructions in *Simon v. Hatcher I,* No. 99–15726, 216 F.3d 1084 (9th Cir.2000) (unpublished memorandum decision) and concluded that it was procedurally barred. Simon cannot revive the claim now.

After viewing the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found beyond a reasonable doubt that Simon acted with malice. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under Nevada law, malice may be inferred from the intentional use of a deadly weapon in a deadly and dangerous manner. *See Moser v. State,* 91 Nev. 809, 812, 544 P.2d 424, 426 (1975). There was sufficient evidence from which the jury could conclude that Simon used his handgun in a deadly and dangerous manner: Simon fired six rounds at the victim in rapid succession, killing him with a shot in the back.

The judgment of the district court is AFFIRMED.